USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _11/7/2023_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **[MKV]** |
| | ~~[Draft]~~ **Protective Order** |
| v. | |
| | **S1 and S2 23 Cr. 110 (MKV)** |
| BORIS AMINOV, | |
| CHRISTY CORVALAN, | |
| IRINA POLVANOVA, | |
| ROMAN SHAMALOV, | |
| JONATHAN GAVRIELOF, | |
| ANTONIO PAYANO, | |
| DAVID FERNANDEZ, | |
| CRYSTAL MEDINA, | |
| JUAN HERNANDEZ, | |
|      a/k/a "Pop," and | |
| ALBERT YAGUDAYEV, | |
|      a/k/a "Jeff," | |
| | |
|            *Defendants.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

<u>Categories</u>

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of

uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other

label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

## Disclosure and Treatment

1.  Disclosure Material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2.  Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

    a.  The defendants;

    b.  Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c.  Prospective witnesses for purposes of defending this action.

3.  APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any

3

form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

4.   AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

**<u>Other Provisions</u>**

5.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6.   The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

7.   The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8.   Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the

charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

9.   This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to the defendant.

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from various computers, cell phones, and other devices and storage media. Upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such seized ESI, which shall be deemed Sealed Material unless otherwise designated.

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____     Date: _11/7/23_____
Jeffrey W. Coyle
Jackie Delligatti
Assistant United States Attorneys


_____     Date: _____
James Kousouros, Esq.
David Eskew, Esq.
Counsel for Boris Aminov


_____     Date: _____
Benjamin Zeman, Esq.
Counsel for Christy Corvalan


_____     Date: _____
Robert S. Wolf, Esq.
Counsel for Irina Polvanova


_____     Date: _____
Kenneth Murphy, Esq.
Counsel for Roman Shamalov


_____     Date: _____
Sanford Talkin, Esq.
Counsel for Antonio Payano

6

## **Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.


AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney


by: _____          Date: _____
    Jeffrey W. Coyle
    Jackie Delligatti
    Assistant United States Attorneys


    _____          Date: __11/03/2023_____
    James Kousouros, Esq.
    David Eskew, Esq.
    Counsel for Boris Aminov


    _____          Date: _____
    Benjamin Zeman, Esq.
    Counsel for Christy Corvalan


    _____          Date: _____
    Robert S. Wolf, Esq.
    Counsel for Irina Polvanova


    _____          Date: _____
    Kenneth Murphy, Esq.
    Counsel for Roman Shamalov


    _____          Date: _____
    Sanford Talkin, Esq.
    Counsel for Antonio Payano

6

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
    Jeffrey W. Coyle
    Jackie Delligatti
    Assistant United States Attorneys


_____          Date: _____
James Kousouros, Esq.
David Eskew, Esq.
Counsel for Boris Aminov

_____          Date: 10.30.23
Benjamin Zeman, Esq.
Counsel for Christy Corvalan

_____          Date: _____
Robert S. Wolf, Esq.
Counsel for Irina Polvanova

_____          Date: _____
Kenneth Murphy, Esq.
Counsel for Roman Shamalov

_____          Date: _____
Sanford Talkin, Esq.
Counsel for Antonio Payano

6

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
    Jeffrey W. Coyle
    Jackie Delligatti
    Assistant United States Attorneys

_____          Date: _____
James Kousouros, Esq.
David Eskew, Esq.
Counsel for Boris Aminov

_____          Date: _____
Benjamin Zeman, Esq.
Counsel for Christy Corvalan

*Robert Wolf*
_____          Date: ___10/30/2023___
Robert S. Wolf, Esq.
Counsel for Irina Polvanova

*/s/ Kenneth C. Murphy*
_____          Date: ___10/30/2023___
Kenneth Murphy, Esq.
Counsel for Roman Shamalov

_____          Date: _____
Sanford Talkin, Esq.
Counsel for Antonio Payano

**Retention of Jurisdiction**

11. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date: _____
     Jeffrey W. Coyle
     Jackie Delligatti
     Assistant United States Attorneys


_____          Date: _____
James Kousouros, Esq.
David Eskew, Esq.
Counsel for Boris Aminov


_____          Date: _____
Benjamin Zeman, Esq.
Counsel for Christy Corvalan


_____          Date: _____
Robert S. Wolf, Esq.
Counsel for Irina Polvanova


_____          Date: _____
Kenneth Murphy, Esq.
Counsel for Roman Shamalov

_____          Date: 10/29/23
Sanford Talkin, Esq.                                      _____
Counsel for Antonio Payano

6

_____

Lorraine Gauli-Rufo, Esq.
Counsel for David Fernandez

Date: 10.29.23

_____

Stephen Turano, Esq.
Counsel for Crystal Medina

Date: _____

_____

Michael Kushner, Esq.
Counsel for Juan Hernandez

Date: _____

_____

Anthony LaPinta, Esq.
Counsel for Albert Yagudayev

Date: _____

_____

Matin Emouna, Esq.
Counsel for Jonathan Gavrielof

Date: _____


SO ORDERED:

Dated: New York, New York
       November ___, 2023


_____
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE


7

---
Lorraine Gauli-Rufo, Esq.
Counsel for David Fernandez

Date: _____

---
Stephen Turano, Esq.
Counsel for Crystal Medina

Date:  10/29/23

---
Michael Kushner, Esq.
Counsel for Juan Hernandez

Date: _____

---
Anthony LaPinta, Esq.
Counsel for Albert Yagudayev

Date: _____

---
Matin Emouna, Esq.
Counsel for Jonathan Gavrielof

Date: _____

SO ORDERED:

Dated: New York, New York
           November ___, 2023

---
THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE

7

_____        Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for David Fernandez


_____        Date: _____
Stephen Turano, Esq.
Counsel for Crystal Medina

_____        Date: ___11/3/2023_____
Michael Kushner, Esq.
Counsel for Juan Hernandez


_____        Date: _____
Anthony LaPinta, Esq.
Counsel for Albert Yagudayev


_____        Date: _____
Matin Emouna, Esq.
Counsel for Jonathan Gavrielof




SO ORDERED:

Dated:  New York, New York
        November __, 2023


                    _____
                    THE HONORABLE MARY KAY VYSKOCIL
                    UNITED STATES DISTRICT JUDGE




7

_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for David Fernandez


_____          Date: _____
Stephen Turano, Esq.
Counsel for Crystal Medina


_____          Date: _____
Michael Kushner, Esq.
Counsel for Juan Hernandez
                                         Date:  10·31·23
_____
Anthony LaPinta, Esq.
Counsel for Albert Yagudayev


_____          Date: _____
Matin Emouna, Esq.
Counsel for Jonathan Gavrielof



SO ORDERED:

Dated: New York, New York
         November __, 2023


                                    _____
                                    THE HONORABLE MARY KAY VYSKOCIL
                                    UNITED STATES DISTRICT JUDGE


7

_____          Date: _____
Lorraine Gauli-Rufo, Esq.
Counsel for David Fernandez

_____          Date: _____
Stephen Turano, Esq.
Counsel for Crystal Medina

_____          Date: _____
Michael Kushner, Esq.
Counsel for Juan Hernandez

_____          Date: _____
Anthony LaPinta, Esq.
Counsel for Albert Yagudayev

_____          Date: _November 1, 2023_
Matin Emouna, Esq.
Counsel for Jonathan Gavrielof


SO ORDERED:

Dated: New York, New York
       November 7 , 2023

       _Mary Kay Vyskocil_
       THE HONORABLE MARY KAY VYSKOCIL
       UNITED STATES DISTRICT JUDGE

7