NCB8AMIP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  UNITED STATES OF AMERICA,

4          v.                                23 Cr. 110 (MKV)

5  BORIS AMINOV,

6                  Defendant.               Plea

7  ------------------------------x
                                           New York, N.Y.
8                                          December 11, 2023
                                           2:30 p.m.
9
   Before:
10
                      HON. MARY KAY VYSKOCIL,
11
                                           District Judge
12
                          APPEARANCES
13
   DAMIAN WILLIAMS
14      United States Attorney for the
        Southern District of New York
15 BY:  JEFFREY W. COYLE
        JACLYN DELLIGATTI
16      Assistant United States Attorneys

17 ABELL ESKEW LANDAU LLP
        Attorneys for Defendant
18 BY:  DAVID M. ESKEW
              -and-
19 JAMES KOUSOUROS

20
   Also present:  Konstantin Garnov, Standby Interpreter (Russian)
21

22

23

24

25

NCB8AMIP

```
 1              (In open court; case called)
 2              THE DEPUTY CLERK:  Counsel, starting with the
 3    government, please state your name for the record.
 4              MR. COYLE:  Good afternoon, your Honor.  Jeff Coyle
 5    and Jackie Delligatti for the government.
 6              THE COURT:  Good afternoon, Mr. Coyle and Ms.
 7    Delligatti.
 8              MR. ESKEW:  Good afternoon, Judge.  David Eskew, Abell
 9    Eskew Landau, on behalf of the defendant, Boris Aminov, who is
10    seated to my left.
11              MR. KOUSOUROS:  Good afternoon, your Honor.  As
12    co-counsel, this is James Kousouros.  I also represent Mr.
13    Aminov.
14              THE COURT:  Good afternoon to both of you.
15              Good afternoon, Mr. Aminov.
16              Good afternoon to our court reporter and our
17    interpreter.
18              MR. ESKEW:  With respect to the translation, Mr.
19    Aminov speaks fluent --
20              THE COURT:  Let me just get to that when I get to it.
21              Let me just begin by saying good afternoon.  It is the
22    Court's understanding we are here for a change of plea hearing.
23              Is that correct, counsel?
24              MR. ESKEW:  Yes, Judge.
25              THE COURT:  So let's turn now to the interpreter.
```

NCB8AMIP

1          It was my understanding that Mr. Aminov did not need

2     an interpreter.  We didn't have one for any of the earlier

3     proceedings, but he has now requested an interpreter; is that

4     correct?

5          MR. ESKEW:  That's correct, Judge.  He has requested

6     the interpreter only for purposes of standby translation, in

7     the event that he doesn't understand something.  We had

8     discussed briefly before the plea hearing whether he would get

9     the simultaneous translation, but he is not comfortable with

10    that.  He has asked just to proceed in English and have the

11    translator on standby, in the event that he doesn't understand

12    something, given the gravity of the appearance here today.  But

13    he does speak and understand clearly English.

14         THE COURT:  Mr. Aminov, let me ask you to talk to me

15    directly.  How would you characterize your ability to speak and

16    to understand and to comprehend English?

17         THE DEFENDANT:  I speak and understand English.

18         THE COURT:  Well, sir?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And you do not need to have things

21    translated simultaneously?

22         THE DEFENDANT:  No.

23         THE COURT:  You only want this interpreter here in

24    case you have a question and need assistance?

25         THE DEFENDANT:  Yes, Judge.

NCB8AMIP

1          THE COURT:  Ms. Dempsey, I have a question for you

2     then.

3          (Court and deputy clerk confer)

4          THE COURT:  You are on the court certified list?

5          THE INTERPRETER:  Yes, I am.

6          THE COURT:  Thank you very much then.

7          Mr. Coyle, are there victims entitled to notice under

8     the Crime Victims Act?

9          MR. COYLE:  There are, your Honor, and the government

10    has made notification.

11         THE COURT:  Thank you.

12         So, on October 26th of this year, Mr. Aminov appeared

13    before me for arraignment.  He pled not guilty to Counts One,

14    Three, and Five of the S1 superseding indictment in this

15    action.  That's filed at ECF No. 88.  The transcript of the

16    arraignment is at ECF No. 151.

17         I am informed that Mr. Aminov has an application to

18    withdraw his plea of not guilty to that S1 superseding

19    indictment and pursuant to a plea agreement with the government

20    enter a plea of guilty to Count One of the superseding

21    indictment.  That count charges Mr. Aminov with conspiracy to

22    commit health care fraud and wire fraud, in violation of Title

23    18, United States Code, Section 1349.

24         It's the Court's understanding that pursuant to the

25    agreement between the parties, the government will accept a

NCB8AMIP

| | |
|---|---|
| 1 | guilty plea to conspiracy to commit health care fraud only, in |
| 2 | violation of Title 18, United States Code, Section 1349. |
| 3 |       Is that accurate, Mr. Coyle? |
| 4 |       MR. COYLE:  Absolutely, your Honor. |
| 5 |       THE COURT:  And that is the defense's understanding? |
| 6 |       MR. ESKEW:  Yes, Judge. |
| 7 |       THE COURT:  So, specifically, the government alleges |
| 8 | that from at least in or about 2020 through at least in or |
| 9 | about 2023, Mr. Aminov participated in a conspiracy with others |
| 10 | to commit health care fraud by selling and/or distributing |
| 11 | black-market prescription medications for HIV to HIV patients. |
| 12 |       Is that accurate, Mr. Eskew? |
| 13 |       MR. ESKEW:  Yes, Judge. |
| 14 |       THE COURT:  I have a copy of what I am told is the |
| 15 | plea agreement between the parties.  It is a six-page letter on |
| 16 | the letterhead of the United States Department of Justice, the |
| 17 | U.S. Attorney's Office for the Southern District of New York, |
| 18 | addressed to Mr. Kousouros and Mr. Eskew, *In re United States* |
| 19 | *v. Boris Aminov*, S1 23 Cr. 110 (MKV). |
| 20 |       Is that the operative plea agreement?  It's dated |
| 21 | December 8, 2023.  Is that the operative plea agreement? |
| 22 |       MR. COYLE:  The December 8 agreement is the operative |
| 23 | agreement. |
| 24 |       THE COURT:  Mr. Eskew, you agree with that? |
| 25 |       MR. ESKEW:  Yes, Judge. |

NCB8AMIP

1        THE COURT:  So that will be marked in the record as

2   Government Exhibit 1.

3        Mr. Aminov, before I can turn to accepting a plea from

4   you, there are a number of questions that I need to ask you,

5   and I need for you to be under oath while I ask you those

6   questions.  That is in order that I can be certain that any

7   plea you enter is, in fact, a valid plea.

8        Now, I may cover points more than once.  I may cover

9   topics that were addressed in various forms or agreements that

10   you have previously signed.  If I do that, the reason I am

11   doing so is because it is very important, as your counsel said

12   earlier, that you understand what is happening here today.

13   This is a very serious proceeding in your case.

14        So, I am going to ask you, please, if at any point you

15   don't understand what I am saying, please stop me, let me know

16   that.  You can talk to your lawyer.  If needed, we can ask the

17   interpreter to help, if it's a communication problem.  Or if

18   you don't understand what I am saying, tell me that, and I will

19   try to clarify for you.  Will you do that, sir?

20        THE DEFENDANT:  Yes, Judge.

21        THE COURT:  Thank you.

22        Ms. Dempsey, would you please administer the oath to

23   Mr. Aminov.

24        (Defendant sworn)

25        THE COURT:  Please be seated.

NCB8AMIP

1          Mr. Aminov, do you understand that you have now just

2     solemnly promised to tell the truth, and that if you answer any

3     of my questions falsely, your false or untrue answers may later

4     be used against you in another prosecution for perjury or

5     making a false statement?

6          THE DEFENDANT:  Yes, Judge.

7          THE COURT:  Can you tell me, sir, how old are you?

8          THE DEFENDANT:  47.

9          THE COURT:  How far have you gone in school?

10          THE DEFENDANT:  I have a bachelor and master degree in

11    science.

12          THE COURT:  In the field of science or a bachelor of

13    science?

14          THE DEFENDANT:  Physical therapy.

15          THE COURT:  And you told me you do speak and

16    understand English well?

17          THE DEFENDANT:  Yes.

18          THE COURT:  So far are you having any trouble

19    understanding me?

20          THE DEFENDANT:  No.

21          THE COURT:  Are you a citizen of the United States?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Were you born here or are you naturalized?

24          THE DEFENDANT:  Naturalized.

25          THE COURT:  When were you naturalized and how were you

NCB8AMIP

1    naturalized?

2              THE DEFENDANT:  It was in 1995.

3              THE COURT:  You took the exam and went through the

4    process of being naturalized?

5              THE DEFENDANT:  Yes.  I took the exam and everything.

6              THE COURT:  Are you now or have you recently been

7    under the care of a doctor or other medical professional?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Can you tell me about that, please.

10             THE DEFENDANT:  I'm taking medications for diabetes.

11   I am seeing the special doctor for diabetes.

12             THE COURT:  Okay.  Any other treatments by a doctor?

13             THE DEFENDANT:  No.

14             THE COURT:  Other than routine medical care.

15             THE DEFENDANT:  Actually, I'm sorry, I am also seeing

16   the psychiatry doctor.

17             THE COURT:  I am going to get to that in a minute.

18             Mr. Eskew, let him answer what I am asking him.  He is

19   following better than you are.

20             You're accurate, Mr. Aminov.  Let me talk to you first

21   about diabetes.  Is anything about your condition -- you have

22   diabetes, I take it?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Is anything about the fact that you have

25   diabetes interfere with your ability to have a clear mind and

NCB8AMIP

1    to understand what we are doing today?

2              THE DEFENDANT:  No.

3              THE COURT:  Are you physically well today, healthy?

4              THE DEFENDANT:  Yes, Judge.

5              THE COURT:  Now let's turn to mental health

6    professionals.  Can you tell me, are you now or have you

7    recently been under the care of a mental health professional?

8              THE DEFENDANT:  Yes, Judge.

9              THE COURT:  Tell me about that, please.

10             THE DEFENDANT:  I start seeing the psychiatry doctor

11   like months ago.

12             THE COURT:  Months ago?

13             THE DEFENDANT:  Like a month ago, yes.  And he was

14   giving me the medication, Zoloft for depression and Klonopin

15   for the panic attack.

16             THE COURT:  Is that for sleep, too?

17             THE DEFENDANT:  Yes.

18             THE COURT:  Do you take it at bedtime?

19             THE DEFENDANT:  Yes, Judge.

20             THE COURT:  Do you take it during the day?

21             THE DEFENDANT:  Zoloft I am taking every morning.

22   Klonopin as needed.

23             THE COURT:  Did you take any today?

24             THE DEFENDANT:  I took a Zoloft in the morning.

25             THE COURT:  But not the Klonopin?

NCB8AMIP

1                THE DEFENDANT:  Not the Klonopin.

2                THE COURT:  Do you feel as though those medications

3     interfere with your ability to understand what is happening in

4     your daily routine?

5                THE DEFENDANT:  No, Judge.

6                THE COURT:  Do they interfere in any way with your

7     ability to understand what is happening today and to make an

8     informed decision?

9                THE DEFENDANT:  No, Judge.

10                THE COURT:  Have you ever been treated or hospitalized

11    for any mental illness?

12                THE DEFENDANT:  No, Judge.

13                THE COURT:  Have you ever been treated or hospitalized

14    for any type of addiction, drugs, alcohol, or any other

15    addiction?

16                THE DEFENDANT:  No, Judge.

17                THE COURT:  Have you ever been addicted, even if you

18    haven't been treated or hospitalized, to drugs, alcohol,

19    gambling, anything at all?

20                THE DEFENDANT:  I was addicted to gambling and to the

21    alcohol.

22                THE COURT:  You spoke in the past tense.  Are you

23    still addicted to gambling?

24                THE DEFENDANT:  No.

25                THE COURT:  Are you still addicted to alcohol?

NCB8AMIP

1               THE DEFENDANT:  Yes, Judge.

2               THE COURT:  In the past 24 hours, have you had any

3     alcohol to drink?

4               THE DEFENDANT:  No, Judge.

5               THE COURT:  Have you taken any drugs or medicine or

6     pills other than the Zoloft that you told me you took this

7     morning and whatever you take for your diabetes?

8               THE DEFENDANT:  I took Jardiance.

9               THE COURT:  Do you take that all the time?  Do you

10    take that routinely?

11              THE DEFENDANT:  Yes, this morning.

12              THE COURT:  So that's part of your diabetes

13    medication?

14              THE DEFENDANT:  Yes.

15              THE COURT:  But other than that and the Zoloft that

16    you told me you took this morning, have you taken any other

17    pills or medication of any kind today?

18              THE DEFENDANT:  No.

19              THE COURT:  In the last 24 hours?

20              THE DEFENDANT:  Last 24 hours, no.

21              THE COURT:  You have told me you haven't had any

22    alcohol to drink today, right?

23              THE DEFENDANT:  Yes.  No.

24              THE COURT:  No, you have not; yes, that's what you

25    told me.

NCB8AMIP

1              THE DEFENDANT:  Yes.

2              THE COURT:  Do you consider your mind clear as you're

3    sitting here right now?

4              THE DEFENDANT:  Yes, Judge.

5              THE COURT:  You feel well?

6              THE DEFENDANT:  Yes, Judge.

7              THE COURT:  You're healthy?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Are you represented by counsel?

10             THE DEFENDANT:  Yes, Judge.

11             THE COURT:  Who are your counsel?

12             THE DEFENDANT:  James Kousouros and David Eskew.

13             THE COURT:  Are you satisfied with your counsel?

14             THE DEFENDANT:  Yes, Judge.

15             THE COURT:  Have you had ample opportunity to talk

16   with your lawyers before we proceed today to understand the

17   nature of what is going to happen today and the consequences of

18   that?

19             THE DEFENDANT:  Yes, Judge.

20             THE COURT:  Do either counsel have any doubt as to Mr.

21   Aminov's competence to enter an informed plea at this time?

22             MR. COYLE:  The government does not.

23             MR. ESKEW:  I do not, Judge.

24             THE COURT:  Thank you.

25             Mr. Aminov, your lawyer tells me that you wish to

NCB8AMIP

1    withdraw your plea of not guilty to the S1 superseding

2    indictment and to enter a plea of guilty to Count One, only to

3    the charge in that count of conspiracy to commit health care

4    fraud in that S1 superseding indictment.

5           Do you wish to do that, sir?

6           THE DEFENDANT:  Yes, Judge.

7           THE COURT:  You wish to enter a plea of guilty?

8           THE DEFENDANT:  Yes, Judge.

9           THE COURT:  Have you fully discussed your case with

10   your lawyers, including the charge to which you tell me you

11   intend to plead guilty and any possible defenses to that

12   charge?

13          THE DEFENDANT:  Yes.

14          THE COURT:  Have you discussed the consequences of

15   entering a plea of guilty?

16          THE DEFENDANT:  Yes, Judge.

17          THE COURT:  Are you satisfied with your lawyers and

18   their representation of you?

19          THE DEFENDANT:  Yes, Judge.

20          THE COURT:  On the basis of Mr. Aminov's responses to

21   my questions and my observation of his demeanor, I do find that

22   he is fully competent to enter an informed plea at this time.

23          Now, Mr. Aminov, before I accept any plea from you, I

24   want to ask you certain additional questions.  Those questions

25   are intended to satisfy me that you wish to plead guilty

NCB8AMIP

1   because you are, in fact, guilty and that you understand your

2   rights and the consequences of entering a plea.

3          I am going to begin by describing to you certain

4   rights that you have under the Constitution and the laws of the

5   United States.  You will be giving up these rights if you enter

6   a plea of guilty.  So please listen very carefully.  And I

7   remind you again that if you don't understand something that I

8   am talking to you about or asking you, please stop me, and

9   either I or your lawyer can explain it to you more fully, or if

10  you don't understand because of language issues, we can ask the

11  interpreter to help us.  Okay?

12          THE DEFENDANT:  Okay.

13          THE COURT:  Sir, under the Constitution and laws of

14  the United States, you have the right to a speedy and a public

15  trial by a jury on the charges against you that are contained

16  in the superseding indictment.

17          Do you understand that?

18          THE DEFENDANT:  Yes, Judge.

19          THE COURT:  Do you understand that you have the right

20  to plead not guilty and to continue to plead not guilty to the

21  charges?

22          THE DEFENDANT:  Yes, Judge.

23          THE COURT:  Do you understand that if there were a

24  trial, you would be presumed innocent and the government would

25  be required to prove you guilty by competent evidence and

NCB8AMIP

1    beyond a reasonable doubt?

2              Do you understand that?

3              THE DEFENDANT:  Yes, Judge.

4              THE COURT:  Do you understand that you would not have

5    to prove at trial that you are innocent?

6              THE DEFENDANT:  Yes, Judge.

7              THE COURT:  Do you understand that if there were a

8    trial, a jury made up of 12 people selected from this district,

9    the Southern District of New York, would have to agree

10   unanimously in order to find you guilty?

11             THE DEFENDANT:  Yes, Judge.

12             THE COURT:  Do you understand that if there were a

13   trial, you would have the right to be represented at trial and

14   at any other stage of the proceedings, and if you couldn't

15   afford one, an attorney would be provided to you free of cost?

16             Do you understand that?

17             THE DEFENDANT:  Yes, Judge.

18             THE COURT:  If there were a trial, you would have the

19   right to see and to hear all of the government's witnesses

20   against you, and your attorney could cross-examine all of the

21   witnesses against you; you would have the right to have your

22   lawyer object to the government's evidence and to offer

23   evidence on your behalf if you so desired; you would have the

24   right to have witnesses required to come to court to testify in

25   your defense; and you would have the right to testify yourself,

NCB8AMIP

1   but you would not be required to testify.

2              Do you understand that?

3              THE DEFENDANT:  Yes, Judge.

4              THE COURT:  Do you understand that if there were a

5   trial and you decided not to testify, no adverse inference

6   could be drawn against you, and by that I mean that I would

7   instruct the jury that they could not assume that the reason

8   you did not testify was because you were hiding something or

9   because you were guilty.

10             Do you understand that?

11             THE DEFENDANT:  Yes, Judge.

12             THE COURT:  Do you understand that if you were

13  convicted at trial, you would have the right to appeal the jury

14  verdict?

15             THE DEFENDANT:  Yes, Judge.

16             THE COURT:  Do you understand each and every one of

17  these rights that I have summarized for you?

18             THE DEFENDANT:  Yes, Judge.

19             THE COURT:  Do you have any question about these

20  rights?

21             THE DEFENDANT:  No.

22             THE COURT:  Do you understand that by entering a plea

23  of guilty today, you will be giving up each and every one of

24  these rights; you will be waiving these rights?

25             Do you understand that?

NCB8AMIP

1          THE DEFENDANT:  Yes, Judge.

2          THE COURT:  Do you also understand that you will be

3   waiving any possible claim that your constitutional rights may

4   have been violated and you will not have a trial?

5          Do you understand that?

6          THE DEFENDANT:  Yes, Judge.

7          THE COURT:  Do you understand that by entering a plea

8   of guilty, you will also have to give up your right not to

9   incriminate yourself, because in a few moments I will ask you

10  to tell me in your own words what it is that you did that makes

11  you guilty of the offense to which you intend to plead guilty,

12  and I will have to satisfy myself that you are guilty as

13  charged, and you will have to admit and acknowledge your guilt?

14         Do you understand that?

15         THE DEFENDANT:  Yes, Judge.

16         THE COURT:  Do you understand that you can change your

17  mind right now and refuse to enter a plea of guilty?

18         THE DEFENDANT:  Yes, Judge.

19         THE COURT:  Do you understand that you don't have to

20  enter this plea if for any reason you don't wish to do so?

21         You understand that fully, right?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Mr. Aminov, do you have a copy of the S1

24  superseding indictment in this case containing the charges

25  against you?

NCB8AMIP

1              THE DEFENDANT:  Yes, I do.

2              THE COURT:  Have you read this indictment?

3              THE DEFENDANT:  Yes, I did.

4              THE COURT:  Have you discussed the indictment with

5    your lawyers?

6              THE DEFENDANT:  Yes, I did.

7              THE COURT:  Did they explain the charges to you?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Did they discuss with you potential

10   defenses to the charges against you?

11             THE DEFENDANT:  Yes.

12             THE COURT:  I can read the indictment out loud here in

13   open court, if you would like me to do so, or you could waive

14   public reading.

15             Do you waive public reading or do you want me to read

16   the indictment?

17             THE DEFENDANT:  Waive public reading.

18             THE COURT:  You're waiving.

19             Just to summarize, you're charged in Count One of that

20   S1 superseding indictment with conspiracy to commit health care

21   fraud and wire fraud, in violation of Title 18, United States

22   Code, Section 1349; you're charged in Count Three of the

23   indictment with conspiracy to defraud the United States, in

24   violation of Title 18, United States Code, Section 371; and you

25   are charged in Count Five of that superseding indictment with

NCB8AMIP

1   conspiracy to commit money laundering, in violation of Title

2   18, United States Code, Section 1956(h).

3          Do you understand that?

4          THE DEFENDANT:  Yes, Judge.

5          THE COURT:  Pursuant to the plea agreement, the

6   government will accept a guilty plea to conspiracy to commit

7   health care fraud, in violation of Title 18, United States

8   Code, Section 1349.

9          Is that your understanding of the agreement you have

10  with the government?

11         THE DEFENDANT:  Yes, Judge.

12         THE COURT:  Mr. Coyle, I assume, by the way, you're

13  taking the lead here?

14         MR. COYLE:  That's right, your Honor.

15         THE COURT:  Would you summarize then, please, the

16  elements of the offense with which Mr. Aminov is charged in

17  Count One of that superseding indictment, conspiracy to commit

18  health care fraud, to which he intends to plead guilty.

19         MR. COYLE:  Of course, your Honor.

20         The elements of the offense are as follows:

21         First, an agreement to commit health care fraud; and

22         Second, the defendant knowingly and willfully became a

23  member of that conspiracy.

24         And as relevant to that first element, the elements of

25  substantive health care fraud are as follows:

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

NCB8AMIP

1          The defendant knowingly executed or attempted to

2     execute a scheme or artifice to defraud a health care benefit

3     program or to obtain money or property owned by or under the

4     custody or control of a health care benefit program by means of

5     false or fraudulent pretenses, representations or promises;

6          The knowing and willful execution of the scheme with

7     the intent to defraud; and

8          The defendant did so in connection with the delivery

9     of or payment for health care benefits, items, or services.

10          In addition, your Honor, the government would be

11     required to prove by a preponderance of the evidence that venue

12     is proper in the Southern District of New York.

13          In this case, pharmacies the defendant sold

14     black-market medication to were located in the Bronx, which is

15     within the Southern District.

16          THE COURT:  Can you tell me again the second element

17     that you outlined of health care fraud?

18          MR. COYLE:  The knowing and willful execution of the

19     scheme with the intent to defraud.

20          THE COURT:  Thank you very much.

21          Mr. Aminov, do you understand that the government

22     would have to prove each and every part or element, as just

23     outlined by the government, with respect to Count One beyond a

24     reasonable doubt at trial if you did not plead guilty?

25          THE DEFENDANT:  Yes, Judge.

NCB8AMIP

1          THE COURT:  Do you understand the matters that the

2    government would have to prove if you were to go to trial?

3          THE DEFENDANT:  Yes, Judge.

4          THE COURT:  Let's talk for a few moments about the

5    potential penalty for the offense to which you tell me you

6    intend to plead guilty.

7          Do you understand that the maximum possible term of

8    imprisonment for Count One, to which you tell me you intend to

9    plead, is a term of imprisonment of up to ten years?

10          THE DEFENDANT:  Yes, Judge.

11          THE COURT:  Do you understand that Count One can

12    include as well a maximum term of supervised release of three

13    years?

14          THE DEFENDANT:  Yes, Judge.

15          THE COURT:  In addition to these restrictions on your

16    liberty, the maximum possible punishment for Count One can also

17    include certain financial penalties.

18          Do you understand that?

19          THE DEFENDANT:  Yes, Judge.

20          THE COURT:  Actually, before we proceed, I do have a

21    question for counsel.  This is really more to the government

22    than to anyone.  Is the government alleging that serious bodily

23    harm resulted from the defendant's conduct?

24          MR. COYLE:  No, your Honor.

25          THE COURT:  Thank you.

NCB8AMIP

1          I asked that question, Mr. Aminov, because if the

2     answer were yes, it could impact the maximum potential term of

3     imprisonment.  But given the government's answer of no, I

4     assume, Mr. Coyle, you do not disagree that the maximum

5     possible term of imprisonment is ten years?

6          MR. COYLE:  Correct, your Honor.

7          THE COURT:  And that's your understanding as well, Mr.

8     Eskew?

9          MR. ESKEW:  Yes, Judge.

10          THE COURT:  Mr. Aminov, I was talking to you about

11     potential financial penalties in addition to a prison term and

12     supervised release.

13          The maximum fine allowed for the count to which you

14     tell me you intend to plead is $250,000 or twice the gross

15     pecuniary gain relating to the offense or twice the loss to

16     persons other than yourself as a result of the offense.

17          Do you understand that?

18          THE DEFENDANT:  Yes, Judge.

19          THE COURT:  Do you understand that I also must impose

20     a mandatory $100 special assessment per count?

21          THE DEFENDANT:  Yes, Judge.

22          THE COURT:  Do you understand that I must also order

23     you to pay restitution to any victims of your offense?

24          THE DEFENDANT:  Yes, Judge.

25          THE COURT:  Do you understand as well that as part of

NCB8AMIP

1    your plea agreement, you have admitted the forfeiture

2    allegations with respect to Count One and you have agreed to

3    forfeit to the United States a sum of money representing

4    proceeds traceable to the commission of the offense in Count

5    One and certain specific property as well?

6               THE DEFENDANT:  Yes, Judge.

7               THE COURT:  I have been given a copy of what I

8    understand is a consent preliminary order of forfeiture as to

9    specific property and a money judgment.

10              Do you have a copy of that, Mr. Eskew, that you can

11   show to Mr. Aminov?

12              MR. ESKEW:  Yes, Judge.  He has it.

13              THE COURT:  Mr. Aminov, is that your signature on the

14   last page of this proposed order?

15              THE DEFENDANT:  Yes, Judge.

16              THE COURT:  And your name is typed above and below

17   where you signed, correct?

18              THE DEFENDANT:  Yes, Judge.

19              THE COURT:  And you signed this on December 8?

20              THE DEFENDANT:  On December 8, yes.

21              THE COURT:  Did you review this proposed order with

22   your lawyer?

23              THE DEFENDANT:  Yes, Judge.

24              THE COURT:  Do you understand that this order

25   obligates you to pay forfeiture in the amount of $4,401,495,

NCB8AMIP

```
 1    and that a money judgment in that amount will be entered

 2    against you representing proceeds traceable to the offense

 3    charged in Count One of the indictment?

 4              THE DEFENDANT:  Yes, Judge.

 5              THE COURT:  And you understand that and you consent to

 6    that, sir?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Do you understand as well that pursuant to

 9    this order, any title, right, or interest that you have in

10    certain specific property -- namely, $318,393 that was seized

11    from 86-09 66th Avenue, in Rego Park, New York, and 60 Oceana

12    Drive West, Apartment 10D, Brooklyn, New York, on or about

13    March 2, 2023 -- will be forfeited as well?

14              You understand that?

15              THE DEFENDANT:  Yes, Judge.

16              THE COURT:  And you consent to that?

17              THE DEFENDANT:  Yes.

18              THE COURT:  And you understand that if I sign this

19    order, it will become final as to you and a money judgment will

20    be entered against you consistent with this order?

21              THE DEFENDANT:  Yes, Judge.

22              THE COURT:  I will sign that at the conclusion of

23    today's hearing and that forfeiture order then will be

24    incorporated into the judgment at the time of your sentencing.

25              Do you understand that?
```

NCB8AMIP

1        THE DEFENDANT:  Yes, Judge.

2        THE COURT:  Do you understand that the forfeiture

3   amount will not reduce any fine, any cost of imprisonment, any

4   restitution, or any other penalty that I might impose?

5        THE DEFENDANT:  Yes, Judge.

6        THE COURT:  I want to talk to you now about the

7   supervised release aspect of your potential penalty to be sure

8   you understand that part of a potential punishment.

9        Supervised release means that after you are released

10   from prison you will be subject to monitoring, during which

11   time certain terms and conditions will be imposed, and I will

12   specify a term of supervised release.  If you violate any of

13   the terms or conditions during that period of supervised

14   release, you can be reimprisoned without a jury trial.

15        Do you understand that?

16        THE DEFENDANT:  Yes, Judge.

17        THE COURT:  If you're on supervised release and you

18   don't comply with any of the set terms and conditions in this

19   particular case, you can be returned to prison for up to two

20   years, and you will be given no credit for the time that you

21   spent in prison as a result of your sentence and no time for

22   the period during which you were on supervised release after

23   prison and prior to the violation.

24        Do you understand that?

25        THE DEFENDANT:  Yes, Judge.

NCB8AMIP

1          THE COURT:  You should also understand that there is

2    no parole in the federal system.  If you are sentenced to

3    prison, you will not be released early on parole.  There is a

4    limited opportunity to earn credit for good behavior, but you

5    would have to serve at least 85 percent of the time to which

6    you are sentenced, and there might or might not be other

7    opportunities for early release under the First Step Act.

8          Do you understand that?

9          THE DEFENDANT:  Yes, Judge.

10          THE COURT:  Do you further understand that if I accept

11    your guilty plea and adjudge you guilty, that adjudication may

12    deprive you of certain valuable civil rights, including the

13    right to vote, the right to hold public office, the right to

14    serve on a jury, and the right to possess any kind of firearm

15    if you currently have or could otherwise attain such rights?

16          Do you understand that?

17          THE DEFENDANT:  Yes, Judge.

18          THE COURT:  Now, you have told me that you are a

19    United States citizen.  I have to tell everybody who appears

20    before me that if for any reason it turns out that you are not

21    a citizen of the United States, your guilty plea would likely

22    have adverse consequences for your ability to remain in or

23    return to the United States, including further detention after

24    completion of your sentence, removal or deportation from the

25    United States, denial of your U.S. citizenship, and denial of

NCB8AMIP

1    admission to the United States in the future, and your removal

2    or deportation could be mandatory.  If there are any adverse

3    consequences as a result of your plea of guilty, once I accept

4    your guilty plea today, you will be bound by that plea and you

5    will not be allowed to withdraw your guilty plea, regardless of

6    any advice you may have received from your lawyers here today

7    or from anyone with respect to the immigration consequences of

8    a plea.

9              Do you understand that?

10             THE DEFENDANT:  Yes, Judge.

11             THE COURT:  Give me one moment, please.

12             Now, I should caution you as well -- you told me

13   you're a naturalized citizen?

14             THE DEFENDANT:  Yes, Judge.

15             THE COURT:  So, it is possible as well that pleading

16   guilty could have consequences with respect to your immigration

17   status in that circumstance.  You could be subject to

18   denaturalization and removal if it turns out that your

19   naturalization was procured by concealment of a material fact

20   or by any kind of willful misrepresentation or was otherwise

21   illegal procured.

22             So you understand that once I accept a plea today,

23   regardless of any immigration consequences and any advice you

24   may have received about those consequences, you will not be

25   permitted to withdraw your plea of guilty?

NCB8AMIP

1          Do you understand that?

2          THE DEFENDANT:  Yes, Judge.

3          THE COURT:  And whatever immigration consequences

4    there may be, if any, would be subject to separate proceedings.

5          You understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Let's talk before we proceed about the

8    sentencing guidelines.  Under current law there are sentencing

9    guidelines that I have to consult in determining an appropriate

10   sentence in this case.

11         Have you spoken to your lawyers about the sentencing

12   guidelines?

13         THE DEFENDANT:  Yes, Judge.

14         THE COURT:  And they explained to you how they work?

15         THE DEFENDANT:  Yes.

16         THE COURT:  And what their role is?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Do you understand that in addition to

19   considering the sentencing guidelines, in imposing sentence, I

20   must also consider various additional factors under a statute

21   at 18, United States Code, Section 3553?

22         Do you understand that?

23         THE DEFENDANT:  Yes, Judge.

24         THE COURT:  Do you understand that I have discretion,

25   while taking the guidelines into account, to sentence you to

NCB8AMIP

1    any period of imprisonment up to ten years?

2              THE DEFENDANT:  Yes, Judge.

3              THE COURT:  Do you understand that even though the

4    plea agreement includes a stipulated or agreed-upon sentencing

5    guidelines calculation, I can't determine what your sentence

6    will be until after a presentence report is prepared by the

7    probation department and you and your lawyers, the government

8    and its lawyers, have a chance to review that report in draft

9    form, to comment on it to the probation office, and ultimately

10   to challenge any of the facts reported in the final report by

11   the probation office?

12             Do you understand that?

13             THE DEFENDANT:  Yes, Judge.

14             THE COURT:  Now, according to the plea agreement, you

15   have agreed that the guidelines range appropriate to the

16   offense in Count One for conspiracy to commit health care

17   fraud, to which you tell me you intend to plead guilty, is 151

18   to 188 months of imprisonment.

19             However, pursuant to the sentencing guidelines,

20   specifically, Section 5G1.1(a) and (c), because the statutorily

21   authorized maximum sentence for Count One is 120 months, your

22   stipulated guideline sentence is 120 months of imprisonment.

23             Is that your understanding?

24             THE DEFENDANT:  Yes, Judge.

25             THE COURT:  And you have discussed that fully with

NCB8AMIP

1    your lawyers, right?

2           THE DEFENDANT:  Yes, Judge.

3           THE COURT:  According to the plea agreement, you have

4    also agreed that the applicable fine range for your case is

5    $35,000 to $350,000.

6           Is that your understanding?

7           THE DEFENDANT:  Yes, Judge.

8           THE COURT:  Do you understand that that stipulation

9    does not bind the Court or the probation department as to the

10   facts on which it is based, how to apply the sentencing

11   guidelines to the facts, or what an appropriate sentence will

12   be in your case?

13          Do you understand that?

14          THE DEFENDANT:  Yes, Judge.

15          THE COURT:  Do you understand that I may decide to

16   impose a sentence that is outside the guidelines range?

17          THE DEFENDANT:  Yes, Judge.

18          THE COURT:  I'm sorry?

19          THE DEFENDANT:  Yes, I understand.

20          THE COURT:  Do you understand that, in addition, I

21   must order restitution to any person or entity injured as a

22   result of your criminal conduct?

23          THE DEFENDANT:  Yes, I understand.

24          THE COURT:  Do you understand that if your attorney or

25   anyone else has attempted to estimate or predict what your

NCB8AMIP

1    sentence will be, that estimate or prediction could well be

2    wrong?

3              Do you understand that?

4              THE DEFENDANT:  Yes, I understand.

5              THE COURT:  No one, not even your lawyer or the

6    government or its lawyers, can or should give you any assurance

7    as to what your sentence will be, since that sentence cannot be

8    determined until after the probation office report is

9    completed, and I have ruled on any challenges to the report and

10   determined what an appropriate sentence is.

11             Do you understand that?

12             THE DEFENDANT:  Yes, I understand.

13             THE COURT:  Do you also fully understand that if your

14   sentence is different from what your attorney or anyone else

15   told you it might be, or if it is different from what you

16   expect or hope, or if you're surprised or disappointed by your

17   sentence, if I accept your plea of guilty today, you will be

18   bound to that plea and you will not be allowed to withdraw your

19   guilty plea?

20             Do you understand that?

21             THE DEFENDANT:  Yes, Judge.

22             THE COURT:  Do you understand that even if the

23   government doesn't oppose or take a position on what your

24   attorney will ask me to impose as your sentence, I am obligated

25   to impose whatever sentence I believe is appropriate under the

NCB8AMIP

1  circumstances and the governing law, and you will have no right

2  to withdraw your plea of guilty after today?

3          Do you understand that?

4          THE DEFENDANT:  Yes, Judge.

5          THE COURT:  Do you understand that you may have the

6  right to appeal your sentence under certain circumstances, even

7  if your plea agreement provides that you are waiving your right

8  to appeal?

9          THE DEFENDANT:  Yes, Judge.

10          THE COURT:  Are you currently serving any sentence,

11  state, federal or local, aside from what we are talking about

12  in the case that we are here on today?

13          THE DEFENDANT:  No.

14          THE COURT:  Are you being prosecuted anywhere for any

15  other crime, federal, state or local?

16          THE DEFENDANT:  No.

17          THE COURT:  Let's talk then about the plea agreement

18  that you have entered into with the government.

19          You have a copy, again, sir, in front of you?

20          THE DEFENDANT:  Yes.

21          THE COURT:  You have told me that that is your

22  signature on the last page of that agreement, correct?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Before you signed this agreement, did you

25  discuss it with your lawyers?

NCB8AMIP

1              THE DEFENDANT:  Yes, Judge.

2              THE COURT:  You read the agreement before you signed

3      it?

4              THE DEFENDANT:  Yes, Judge.

5              THE COURT:  Did your lawyers explain to you all of the

6      terms and conditions of this agreement?

7              THE DEFENDANT:  Yes, Judge.

8              THE COURT:  Did you fully understand it before you

9      signed it?

10             THE DEFENDANT:  Yes, Judge.

11             THE COURT:  Did you have ample opportunity to ask any

12     questions you might have of your lawyers before you signed this

13     agreement?

14             THE DEFENDANT:  Yes, Judge.

15             THE COURT:  Do you have any questions as you sit here

16     today about the agreement?

17             THE DEFENDANT:  No, Judge.

18             THE COURT:  Do you understand that the plea agreement

19     provides that you are giving up or waiving your right to appeal

20     or to litigate or to challenge your sentence under a statute

21     28, United States Code, Section 2255 and/or 2241, if I sentence

22     you at or below the guideline sentence of 120 months set forth

23     in that plea agreement?

24             Do you understand that?

25             THE DEFENDANT:  Yes, Judge.

NCB8AMIP

1          THE COURT:  Do you understand that you are under no

2    obligation to waive your rights to appeal or to otherwise

3    litigate your sentence?

4          THE DEFENDANT:  Yes, Judge.

5          THE COURT:  Do you understand that that waiver that

6    you entered into applies regardless of whether the term of

7    imprisonment that I impose is imposed to run consecutively or

8    concurrently with any other term of imprisonment that has been

9    imposed on you?

10          THE DEFENDANT:  Yes, Judge.

11          THE COURT:  Do you understand that you're under no

12    obligation to waive your rights in that regard?

13          THE DEFENDANT:  Yes, Judge.

14          THE COURT:  Do you understand that you have agreed not

15    to appeal or to challenge any term of supervised release that

16    is less than or equal to the statutory maximum?

17          THE DEFENDANT:  Yes, Judge.

18          THE COURT:  Do you understand that you're under no

19    obligation to waive that right?

20          THE DEFENDANT:  Yes, Judge.

21          THE COURT:  Do you understand that by this plea

22    agreement, you have agreed not to appeal or to challenge

23    collaterally any forfeiture amount that is less than or equal

24    to what you have agreed to in the consent preliminary order of

25    forfeiture that I spoke to you about earlier?

NCB8AMIP

1          THE DEFENDANT:  Yes, Judge.

2          THE COURT:  You understand you are under no obligation

3    to waive that right?

4          THE DEFENDANT:  Yes, Judge.

5          THE COURT:  Finally, do you understand that you have

6    agreed not to appeal or to challenge collaterally any fine that

7    is less than or equal to 350,000?

8          THE DEFENDANT:  Yes, Judge.

9          THE COURT:  And you understand that you're under no

10   obligation to waive those rights?

11         THE DEFENDANT:  Yes, Judge.

12         THE COURT:  Do you understand that the plea agreement

13   provides that you're waiving any right to appeal or to attack

14   your conviction on the basis that the government hasn't

15   provided discovery material, exculpatory material, except

16   information establishing factual innocence, or any material to

17   impeach government witnesses against you?

18         Do you understand that?

19         THE DEFENDANT:  Yes, Judge.

20         THE COURT:  Do you understand you're under no

21   obligation to waive those rights?

22         THE DEFENDANT:  Yes, Judge.

23         THE COURT:  Do you understand further that your

24   agreement provides that you will not move for a downward

25   departure under the sentencing guidelines or seek any

NCB8AMIP

1      adjustment under the guidelines that is not described in the

2      plea agreement, but that you may make arguments for a lower

3      sentence under that general sentencing statute that I talked to

4      you about earlier, Section 3553, which sets forth a number of

5      factors that I can weigh in my discretion?

6              THE DEFENDANT:  Yes, Judge.

7              THE COURT:  And you understand you're under no

8      obligation to enter such an agreement?

9              THE DEFENDANT:  Yes, Judge.

10             THE COURT:  Do you understand your plea agreement

11     provides that you are waiving any challenge to your guilty

12     plea, your conviction, or your sentence based on any

13     immigration consequences of your plea, regardless of any advice

14     that you may have received regarding such immigration

15     consequences?

16             THE DEFENDANT:  Yes, Judge.

17             THE COURT:  And you understand you're under no

18     obligation to make this waiver?

19             THE DEFENDANT:  Yes, Judge.

20             THE COURT:  And you understand that you admit the

21     forfeiture allegations with respect to Count One in the plea

22     agreement?

23             THE DEFENDANT:  Yes, Judge.

24             THE COURT:  And do you understand that you have agreed

25     in your plea agreement --

NCB8AMIP

1          THE DEFENDANT:  Yes, Judge.

2          THE COURT:  Hold on.

3          Do you understand that in your plea agreement, you

4    have agreed to forfeit to the United States a sum of money

5    equal to $4,401,495 in United States currency representing

6    proceeds traceable to the commission of the offense and a money

7    judgment will be entered in that amount?

8          THE DEFENDANT:  Yes, Judge.

9          THE COURT:  And you understand that you have agreed to

10   forfeit all right, title, and interest in certain specific

11   property -- namely, United States currency in the amount of

12   $318,393 that was recovered on March 2, 2023 from 86-09 66th

13   Avenue, in Rego Park, New York, and 60 Oceana Drive West,

14   Apartment 10D, in Brooklyn, New York?

15         THE DEFENDANT:  Yes, Judge.

16         THE COURT:  And do you understand you're under no

17   obligation to enter into such an agreement?

18         THE DEFENDANT:  Yes, Judge.

19         THE COURT:  Do you understand that in the plea

20   agreement, you have agreed to pay restitution in the amount of

21   $13,270,379.50?

22         THE DEFENDANT:  Yes, Judge.

23         THE COURT:  Does this plea agreement that we have been

24   talking about accurately reflect your complete and total

25   understanding of the entire agreement between the government

NCB8AMIP

1   and its lawyers and you and your lawyers?

2              THE DEFENDANT:  Yes, Judge.

3              THE COURT:  Is everything you understand about your

4   plea and your sentence up to this point covered in this

5   agreement?

6              THE DEFENDANT:  Yes, Judge.

7              THE COURT:  Has anything that you believed you have

8   agreed to been left out?

9              THE DEFENDANT:  Can you repeat it again, please?

10             THE COURT:  Is there anything that you think you have

11  agreed to with the government that isn't spelled out in this

12  plea agreement?

13             THE DEFENDANT:  Everything is there.  I agree with

14  everything.

15             THE COURT:  Apart from what is contained in the plea

16  agreement, have any promises been made to you in order to get

17  you to plead guilty?

18             THE DEFENDANT:  No, Judge.

19             THE COURT:  Has anyone threatened you in any way to

20  get you to plead guilty?

21             THE DEFENDANT:  No, Judge.

22             THE COURT:  Are you being coerced in any way into

23  pleading guilty?

24             THE DEFENDANT:  No, Judge.

25             THE COURT:  Knowing everything we have just talked

NCB8AMIP

1   about, do you still wish to plead guilty pursuant to this

2   agreement?

3          THE DEFENDANT:  Yes, Judge.

4          THE COURT:  Let me ask you, Mr. Eskew, do you know of

5   any valid reasons why your client would prevail at trial or why

6   your client should not be permitted to plead guilty?

7          MR. ESKEW:  No, Judge.

8          THE COURT:  Mr. Aminov, we have reached the point in

9   the proceedings where I told you earlier you would have to give

10  up your right not to incriminate yourself and tell me in your

11  own words what it is you did that makes you guilty of the

12  offense to which you tell me you intend to plead guilty, which

13  is conspiracy to commit health care fraud.

14         Are you prepared to proceed?

15         THE DEFENDANT:  Yes, Judge.

16         THE COURT:  Give me one moment, please.

17         All right, sir.  Tell me in your own words what it is

18  that you did, where you did it.  Whenever you're ready.

19         THE DEFENDANT:  Good afternoon, your Honor.  My name

20  is Boris Aminov.

21         Beginning in or about 2020, I obtained pharmaceuticals

22  from illegal sources.  I sold those pharmaceuticals to others

23  at prices that were lower than what the pharmaceuticals could

24  be purchased legally at the wholesale.

25         I am aware that the pharmacies prescribed these

NCB8AMIP

1  pharmaceuticals to patients and that by selling these

2  pharmaceuticals to the codefendants, I caused patients with HIV

3  to receive these drugs.

4          I entered into the agreement with the codefendants to

5  obtain profits from the prescription of those black-market

6  pharmaceuticals to patients.

7          I knew that the object of the agreement was to make

8  money from prescribing these pharmaceuticals to the patients

9  from government insurance plans.

10          THE COURT:  From what insurance plans?

11          THE DEFENDANT:  Government.

12          I took all of these actions knowingly and willfully

13  and with the intent to defraud.

14          I am pleading guilty today because I am, in fact,

15  guilty of the charged offense of health care fraud.  I want to

16  say that I am very sorry for my actions and I know I made a

17  mistake.  I want to apologize and I am here to accept

18  responsibility for my actions.

19          Thank you.

20          THE COURT:  Sir, let me ask you a couple of questions.

21          You have told me a bit about what you did.  You

22  mentioned briefly that you entered into an agreement to do what

23  you described to me?

24          In other words, it wasn't just you who was doing it,

25  correct?

NCB8AMIP

1              THE DEFENDANT:  Yes.

2              THE COURT:  With how many people did you agree to do

3     this?

4              THE DEFENDANT:  Some of the codefendants.

5              THE COURT:  There were two or more people?

6              THE DEFENDANT:  Yes.

7              THE COURT:  When you entered into that agreement, did

8     you know what the purpose of the agreement was?

9              In other words, you knew that by obtaining these drugs

10    and selling them to HIV patients, you were going to be

11    committing health care fraud, right?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Did you enter into that agreement

14    willfully?

15             THE DEFENDANT:  Yes.

16             THE COURT:  You did it of your own free will?

17             THE DEFENDANT:  Yes.

18             THE COURT:  You did it knowing and understanding what

19    you were doing, right?

20             THE DEFENDANT:  Yes.

21             THE COURT:  You have told me that the program that you

22    were defrauding was a government health care program?

23             THE DEFENDANT:  Government insurance plans, yes.

24             THE COURT:  Government insurance plans.

25             Did you help devise that plan?  Who made up this plan?

NCB8AMIP

1    Was it you?

2                THE DEFENDANT:  No.

3                THE COURT:  Someone just told you about it and you

4    agreed to do it?

5                THE DEFENDANT:  Yes.

6                THE COURT:  And you agreed to do it willfully?

7                THE DEFENDANT:  Yes.

8                THE COURT:  Knowing and understanding what it was that

9    you were going to be doing?

10                THE DEFENDANT:  Yes.

11                THE COURT:  Did the patients understand what it was

12    that they were receiving?

13                THE DEFENDANT:  I can't tell this.  I don't know.

14                THE COURT:  Did you tell them that you were giving

15    them what were not?

16                THE DEFENDANT:  No.  I didn't sell it to the patients.

17                THE COURT:  What did you do with them?

18                You obtained them, you told me, from illegal sources,

19    right?

20                THE DEFENDANT:  Yes.

21                THE COURT:  What were your words that you used?  You

22    obtained pharmaceuticals from whom?

23                THE DEFENDANT:  I sold it to the pharmacy, not to the

24    patients.

25                THE COURT:  But I asked you first, you obtained these

NCB8AMIP

1    drugs from whom?

2           THE DEFENDANT:  I obtained pharmaceuticals from

3    illegal sources.

4           THE COURT:  What do you mean by that?

5           What were the sources?  Where did you get these drugs,

6    on the internet, black market, where did you get them?

7           THE DEFENDANT:  I bought it on the black market from

8    the people, from the neighborhood.

9           THE COURT:  And the neighborhood, by the way, was

10   where?

11          THE DEFENDANT:  In Brooklyn, Queens.

12          THE COURT:  Then you sold them to pharmacies, correct?

13          THE DEFENDANT:  Yes.

14          THE COURT:  And the pharmacies that you sold them to,

15   where were they located?

16          THE DEFENDANT:  In different neighborhood, Bronx.

17          THE COURT:  There were some in the Bronx?

18          THE DEFENDANT:  Some in Bronx, some in Brooklyn, some

19   in Queens.

20          THE COURT:  When you did what you have just described

21   to me, did you know that what you were doing was wrong?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Did you know that it was illegal?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  And you did this all with an intent to

NCB8AMIP

1     defraud, correct?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  And you falsely represented that these

4     were legitimate drugs from legal sources, right?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Does the government wish any further

7     factual matters to be addressed in connection with Mr. Aminov's

8     allocution to Count One?

9              MR. COYLE:  No, your Honor.  The government believes

10    that's a sufficient allocution.

11             THE COURT:  So my next question to you is, is there an

12    adequate factual basis, Mr. Coyle, to support a plea of guilty

13    to the offense of conspiracy to commit health care fraud

14    contained in Count One?

15             MR. COYLE:  There is, your Honor.

16             THE COURT:  Mr. Eskew, let me ask you the same

17    question.  Is there an adequate factual basis to support a plea

18    of guilty to conspiracy to commit health care fraud as alleged

19    in Count One?

20             MR. ESKEW:  Yes, Judge.

21             THE COURT:  Mr. Aminov, now that we have talked about

22    your plea agreement and the possible penalties of the crime to

23    which you tell me you intend to plead guilty, we can turn to

24    entering of a plea.

25             Are you prepared to proceed, sir?

NCB8AMIP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Would you please stand then.

3          Mr. Aminov, how do you plead to the offense in Count

4   One of the superseding indictment of conspiracy to commit

5   health care fraud?

6          THE DEFENDANT:  Guilty.

7          THE COURT:  Are you pleading guilty because you are in

8   fact guilty?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  Are you pleading guilty voluntarily?

11          THE DEFENDANT:  Yes, your Honor.

12          THE COURT:  Are you doing so of your own free will?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Mr. Coyle, are there any other questions

15   you believe I should ask Mr. Aminov at this time?

16          MR. COYLE:  No, your Honor.

17          THE COURT:  Mr. Eskew, any other questions you believe

18   I should ask Mr. Aminov in connection with his plea?

19          MR. ESKEW:  No, Judge.

20          THE COURT:  Mr. Aminov, you have acknowledged that you

21   are in fact guilty of Count One of the superseding indictment,

22   conspiracy to commit health care fraud.  Because I am satisfied

23   that you know your rights, including your right to go to trial,

24   and you are waiving those rights voluntarily, and that you're

25   aware of the consequences of your plea, including the sentence

NCB8AMIP

1    that may be imposed, I find that your plea is entered knowingly

2    and voluntarily and is supported by an independent basis in

3    fact containing each of the essential elements of the offense.

4    I therefore accept your plea of guilty and I enter a judgment

5    of guilty of Count One, conspiracy to commit health care fraud,

6    as charged in the S1 superseding indictment.

7             You may be seated, sir.

8             So before we adjourn, Mr. Aminov, I want to just talk

9    to you about the process going forward.  I mentioned earlier

10   that the probation office needs to prepare a presentence report

11   before we can get to your sentencing.  In order to prepare that

12   report, the probation office needs to interview you.  It's very

13   important that the information that you give the probation

14   officer be truthful and accurate and that you cooperate with

15   probation in preparation of that report.  It's very important

16   to me, the report, in my decision as to what your sentence will

17   be.

18            Now, as I told you earlier, you will get, and your

19   lawyer will get and provide to you a copy of that report in

20   draft form.  You should review it very carefully with your

21   lawyer, point out to him anything that you think is inaccurate

22   or needs to be corrected, and you and your lawyer will have the

23   opportunity to first challenge it with probation.  They may or

24   may not make revisions based on your comments.  If they don't,

25   you certainly have the right to press forward with any

NCB8AMIP

1    objections that you have made to the report.  Before I sentence

2    you, you would have the opportunity to speak to me directly,

3    although you're not obligated to do that.

4                THE DEFENDANT:  Okay.

5                THE COURT:  Now, I assume, Mr. Eskew, you wish to be

6    present for any interview of Mr. Aminov?

7                MR. ESKEW:  Yes, please, Judge.

8                THE COURT:  So I will order no interview take place

9    unless counsel is present.

10               Mr. Eskew, I ask you to please reach out to the

11   probation office in the next two weeks to get on their schedule

12   in connection with that interview.

13               Mr. Coyle, I just remind you as well to provide to

14   probation in that same two-week time period the statement of

15   facts.

16               Then I remind counsel, it's critically important that

17   you give timely comments to the probation office when you

18   receive that draft report.  Courtesy copies will be provided to

19   chambers.

20               Any submissions by the defense to the Court with

21   respect to sentencing are due two weeks prior to sentencing.

22   And the government's sentencing submission is due one week

23   before sentencing.

24               I am setting sentencing down for April 17 at 2 p.m.

25               Mr. Aminov, I remind you that failure to be truthful

NCB8AMIP

1   with the probation office or with the Court could have an

2   adverse effect on your sentence.  It could subject you to a

3   separate prosecution for perjury.  I remind you, too, I reserve

4   the right to deny the two-level reduction in the calculation of

5   your offense level for acceptance of responsibility if you

6   don't cooperate fully with the probation office in connection

7   with the presentence report.

8              Do you understand, sir?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Is there an issue, counsel?

11             MR. KOUSOUROS:  No.  I just wanted to confirm, Judge,

12   you said April 17?

13             THE COURT:  Yes.

14             MR. KOUSOUROS:  That's what I was asking.

15             THE COURT:  April 17 at 2 p.m.

16             Now, I think we have, I know we had a consent order

17   with respect to forfeiture.  Is there a parallel order on

18   restitution?

19             MR. COYLE:  We will have that for the Court before

20   sentencing, your Honor.

21             THE COURT:  If for any reason there are any issues

22   with respect to that amount of restitution -- I don't expect

23   there to be because I have allocuted and spoken with Mr. Aminov

24   with respect to that restitution obligation, and he has agreed

25   that, yes, that's what he agreed to.  But if for any reason

NCB8AMIP

1   there are any issues with respect to the monetary penalties, I

2   would ask you to please call that to the Court's attention well

3   in advance of sentencing so that we can get that worked out in

4   advance of sentencing.  The proposed order should be submitted,

5   obviously, at the very latest, at the time of the government's

6   sentencing submission.

7          Is there anything further, Mr. Coyle?

8          MR. COYLE:  Not from the government.  Thank you.

9          THE COURT:  Thank you.

10          Mr. Eskew, anything from you?

11          MR. ESKEW:  No, Judge.

12          THE COURT:  I just ask you both to please order a copy

13   of the transcript of today's plea hearing and make sure that it

14   is on the docket at least two weeks before sentencing.  I do

15   review the plea, particularly the allocution with the

16   defendant, very carefully when I am considering sentencing.  So

17   please make that available to the Court.  All right?

18          MR. COYLE:  Yes, your Honor.

19          THE COURT:  Thank you very much.

20          I thank our court reporter.

21          I thank our interpreter for being on call to help us

22   if we needed you.

23          And we will stand adjourned.  Thank you.

24          (Adjourned)

25